Fred E. Walker
Tex. Bar No. 20700400
fred@fredwalkerlaw.com
Fred E. Walker, P.C.
108 Wild Basin Rd., Suite 250
Austin, TX 78746
512-330-9977 Office
512-330-1686 Fax

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **CRAIGE KEVIN HOWLETT** | § | |
| | § | **CASE NO. 23-10370 – smr** |
| | § | |
| **Debtor** | § | **Chapter 7** |

---

| | | |
|---|---|---|
| **Foundation for Anime and** | § | |
| **Niche Subcultures,** | § | |
| | § | |
| **Plaintiff,** | § | **Adversary No. 24-01015** |
| | § | |
| **v.** | § | |
| | § | |
| **Craige Kevin Howlett** | § | |
| | § | |
| **Defendant** | § | |

---

### RESPONSE TO COMPLAINT

---

TO THE HONORABLE SHAD M. ROBINSON, U.S. BANKRUPTCY JUDGE:

Defendant files this response to Plaintiff's complaint and would respectfully show

the Court the following:

eversign Document Hash: 9c8e1286a9de46499b7dd8f0c7278caa

1.      Defendant denies the allegations contained in Plaintiff's paragraph 1 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

2.      Paragraph 2 does not require a response.

3.      Defendant admits the allegations contained in Plaintiff's paragraph 3.

4.      Defendant admits the allegations contained in Plaintiff's paragraph 4.

5.      Defendant admits the allegations contained in Plaintiff's paragraph 5.

6.      Defendant admits the allegations contained in Plaintiff's paragraph 6.

7.      Defendant admits the allegations contained in Plaintiff's paragraph 7.

8.      Defendant admits the allegations contained in Plaintiff's paragraph 8.

9.      Defendant admits the allegations contained in Plaintiff's paragraph 9.

10.     Defendant admits the allegations contained in Plaintiff's paragraph 10.

11.     Defendant denies the allegations contained in Plaintiff's paragraph 11 as stated because the August 2 email is a document that speaks for itself.

12.     Defendant denies the allegations contained in Plaintiff's paragraph 12 as stated because the August 2 email is a document that speaks for itself.

13.     Defendant can neither admit nor deny the allegations contained in Plaintiff's paragraph 13 because he lacks knowledge or information sufficient to form a belief about the truth of the allegation.

14.     Defendant denies the allegations contained in Plaintiff's paragraph 14 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant and because he lacks knowledge or

information sufficient to form a belief about the truth of an allegation regarding the amount of damages allegedly suffered by the plaintiff.

15.     Plaintiff's paragraph 15 does not require a response.

16.     Defendant denies the allegations contained in Plaintiff's paragraph 16 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant and because the cited cases speak for themselves.

17.     Defendant denies the allegations contained in Plaintiff's paragraph 17 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

18.     Plaintiff's paragraph 18 does not require a response.

19.     Defendant denies the allegations contained in Plaintiff's paragraph 19 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

20.     Defendant denies the allegations contained in Plaintiff's paragraph 20 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

21.     Plaintiff's paragraph 21 does not require a response.

22.     Defendant denies the allegations contained in Plaintiff's paragraph 22 as stated because he lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the amount of funds that were allegedly improperly withdrawn.

23.     Defendant denies the allegations contained in Plaintiff's paragraph 23 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

24.     Plaintiff's paragraph 24 does not require a response.

25.     Defendant denies the allegations contained in Plaintiff's paragraph 25 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

26.     Defendant denies the allegations contained in Plaintiff's paragraph 26 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

27.     Plaintiff's paragraph 27 does not require a response.

28.     Defendant denies the allegations contained in Plaintiff's paragraph 28 as stated because the statute cited speaks for itself.

29.     Defendant denies the allegations contained in Plaintiff's paragraph 29 as stated because the cases cited speak for themselves.

30.     Defendant denies the allegations contained in Plaintiff's paragraph 30 as stated because the cases cited speak for themselves.

31.     Defendant denies the allegations contained in Plaintiff's paragraph 31 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

32.     Defendant denies the allegations contained in Plaintiff's paragraph 32 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

33.     Plaintiff's paragraph 33 does not require a response.

34.     Defendant denies the allegations contained in Plaintiff's paragraph 34 as stated because the statute and case cited speaks for themselves.

35.     Defendant denies the allegations contained in Plaintiff's paragraph 35 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

36.     Defendant denies the allegations contained in Plaintiff's paragraph 36 as stated because the case cited speaks for itself.

37.     Defendant denies the allegations contained in Plaintiff's paragraph 37 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

38.     Defendant denies the allegations contained in Plaintiff's paragraph 38 as stated because it calls for a conclusion of law.

39.     Defendant denies the allegations contained in Plaintiff's paragraph 39 as stated because the case cited speaks for itself.

40.     Defendant denies the allegations contained in Plaintiff's paragraph 40 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

41.     Defendant denies the allegations contained in Plaintiff's paragraph 41 as stated because it calls for a conclusion of law.

42.     Plaintiff's paragraph 42 does not require a response.

43.     Defendant denies the allegations contained in Plaintiff's paragraph 43 as stated because it calls for a conclusion of law.

44.     Defendant denies the allegations contained in Plaintiff's paragraph 44 as stated because the case cited speaks for itself.

45.     Defendant denies the allegations contained in Plaintiff's paragraph 45 as stated and would show that the parties have entered into a settlement agreement that resolves the Plaintiff's claims against the defendant.

46.     Defendant denies the allegations contained in Plaintiff's paragraph 46 as stated because it calls for a conclusion of law.

## AFFIRMATIVE DEFENSES

47.     Defendant pleads waiver, estoppel, and ratification.

48.     Defendant pleads release and accord and satisfaction.

49.     Defendant pleads judicial estoppel and all forms of estoppel.

50.     Plaintiff's claims are precluded, in whole or part, because any alleged acts and/or omissions of Defendant were not the cause of Plaintiff's alleged damages. Rather, Plaintiff's damages, if any, were proximately caused by the act, omissions, or breaches of other persons and/or entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

51.     Plaintiff has failed to mitigate its damages, if any.

52.     Defendant claims all offsets and credits, if any, to which it is entitled.

Wherefore, premises considered, Defendant respectfully requests this Court to enter a take nothing judgment in this case, enter an order declaring the debt to the Plaintiff to be dischargeable in this case, and grant the defendant such other and further relief in law or in equity to which he may be entititled.

> Respectfully submitted,
>
> FRED E. WALKER, P.C.
>
> /s/ Fred E. Walker
> Fred E. Walker / 20700400
> 108 Wild Basin Rd, Suite 250
> Austin, TX 78746
> fred@fredwalkerlaw.com
> (512) 330-977 office
> (512) 330-1686 facsimile
> Attorney for the Debtor

---

### DECLARATION OF CRAIGE HOWLETT UNDER PENALTY OF PERJURY

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

> Executed in Accord with 10 CFR 2.304(d)
>
> *Craige Howlett*                    Apr 18 2024
> Craige Howlett                          Date
> 900 Pecan 300-151
> Pflugerville, TX 78660
> (512) 709-3303
> craige@craige.com

eversign Document Hash: 9c8e1286a9de46499b7dd8f0c7278caa

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the preceding document was served according to Local Rule 9013(g) via CM/ECF, first-class U.S. mail, or e-mail to the following parties of interest:

Craige Kevin Howlett, Debtor
19220 Ventana Court
Pflugerville, TX 78660
Via E-mail to: craige@craige.com

Jason M. Rudd
Wick, Phillips, Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Counsel for Foundation for Anime and Niche Subcultures
Via e-mail to: Jason.rudd@wickphillips.com

Stafford P. Brantley
Wick, Phillips, Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Counsel for Foundation for Anime and Niche Subcultures
Via e-mail to: stafford.brantley@wickphillips.com

Dated:  04/19/2024

                              /s/ Fred E. Walker
                              Fred E. Walker / 20700400

eversign Document Hash: 9c8e1286a9de46499b7dd8f0c7278caa